Marrett *v.* Equitable Ins. Co.

———————◆———————

ORLANDO M. MARRETT *versus* EQUITABLE INS. CO. AND JOSEPH W. DYER, *Trustee.*

A note payable to an insurance company or order for a sum certain, " and such additional premium as may become due on" a policy named, and at a time therein specified, is not negotiable.

And the maker may be charged as trustee of the insurance company.

ON EXCEPTIONS to the ruling of WALTON, J., charging the alleged trustee upon the following disclosure : —

"*Answer.* Said Company held against me, at time of the service of the writ upon me, a premium note, of which the annexed is a true copy. Said note was given by me to said company as the consideration for insurance, by said company, by policy issued at the same time said note was given, and as a part of the transaction of the barque Wallace, in the sum of $10,000, against the usual marine perils, for the term of one year from said fifth day of June, A. D. 1865. Said policy is now in full force, and the term has not expired; it contains the usual provisions that in case of loss the premium note is to be deducted therefrom. No loss has yet occurred to my knowledge."

(COPY OF NOTE.)

| Stamp, 45 cts. |
| --- |

On Bk. Wallace.
No. 28171.

$801                                                    "Boston, June 5th, 1865.

"For value received, I promise to pay the EQUITABLE SAFETY INSURANCE

Marrett *v.* Equitable Ins. Co.

COMPANY, or order, in twelve months from date, with grace, and interest after till paid, the sum of Eight Hundred and One Dollars, and also such additional premium as may become due on Policy No. 28171.

"Payable at North Bank, Boston.

"(Sg'd)     JOSEPH W. DYER,
"*By his Attorney*, C. A. STACKPOLE."

The following clause contained in the policy made a part of the disclosure :—

"And in case of loss, such loss shall be paid in sixty days after proof and adjustment thereof; the amount of the premium note, if unpaid, and all sums due to the company from the insured, when such loss becomes due, being first deducted, and all sums becoming due being first paid or secured to the satisfaction of the said President and Directors, they discounting interest for anticipating payment."

The trustee excepted.

*J. D. & F. Fessenden*, for the trustee.

1. Trustee is not chargeable, because his only liability to the principal defendant, is by reason of a negotiable promissory note. R. S. c. 86, § 55; *Aspinwall* v. *Meyer*, 2 Sanford, (N. Y.,) 180; *Cargill* v. *McElrath*, 3 Sanford, 176; *Formiss* v. *Gilchrist*, 1 Sanford, 53.

2. The risk had not terminated, and hence nothing due absolutely. It was subject to any set-off by the policy, which might arise from a loss. If the note is not negotiable, but a part of a contract of which the policy is the supplement, the policy has not become absolute.

3. Note was not due when the writ was served.

*W. L. Putnam*, for the plaintiff.

DANFORTH, J.—By the disclosure of the alleged trustee, it appears that, at the time of the service of the plaintiff's writ upon him, he was indebted to the principal defendants in the sum of $801, for which he had given his note, payable in twelve months from its date, June 5, 1865. This note is not negotiable. *Dodge* v. *Emerson*, 34 Maine, 94.

The trustee, then, must be charged, unless the disclosure shows some reason to the contrary.

There are two grounds upon which the discharge of the supposed trustee is claimed. That the debt is a contingent one, and that the alleged trustee has a claim which he is entitled to set off against the note.

Neither the disclosure or the note, shows any contingency attached to the debt, but the contrary. The note by its terms is payable absolutely, and, in the disclosure, no suggestion is made that under any circumstances it is not to be paid, according to its tenor. The provision in the policy, which was the consideration for the note, that in case of loss the note, if unpaid, should be deducted from the amount, so far from relieving the maker of any liability on the note, secures its full payment. The only contingency arising from this clause, is as to the time of payment, and not as to the payment itself. It may hasten the payment, but cannot, in any event, delay or excuse any part of it.

Nor has the alleged trustee any claim against the principal defendants, which, by the provision of the R. S., c. 86, § 64, he can set off against the note. The policy, at the time of the service of the plaintiff's writ, was in force, but it was only a contingent claim, and could not, in any way known to the statute, have been filed in set-off to the note, for no loss had then happened. *Ingalls* v. *Dennett*, 6 Maine, 79. It is possible, that in some cases arising out of contingent liabilities, a trustee may be discharged, or charged, according to the facts as they exist at the time of the disclosure,—and, in such cases, the Court would allow the action to be continued until the contingency had become reduced to a certainty. *Smith* v. *Stevens*, 19 Pick., 23; *Boston Type Foundry* v. *Mortimer & trustee*, 7 Pick., 166.

It appears, by the disclosure in this case, that, on the 16th day of October, 1866, long after the year had expired during which the policy was to run, and after the note had become payable, and the supposed trustee liable to a suit thereon, no loss had happened. So that, at the time of the

disclosure, the trustee had no means of defending himself against a suit in favor of the principal defendants, except this attachment. It does not appear that the trustee desired any further delay, to ascertain whether a loss would happen before the expiration of the policy. By the arrival of the vessel, and by the principles of law settled in the cases above cited, he must be holden.

*Exceptions overruled.*

WALTON, J., concurred.

APPLETON, C. J., KENT, BARROWS and TAPLEY, JJ., concurred in overruling the exceptions, because it does not appear from the disclosure that the trustee had any demand against the principal defendants, of which he could avail himself by way of set-off, under R. S., c. 86, § 64; but expressed the opinion that a trustee could not, under our present statutes, be charged upon the facts stated in *Ingalls* v. *Dennett, ubi supra.*